IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIS BONDS, #215 403, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:12-CV-376-WHA |
| | ) | [WO] |
| WARDEN DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner James Bonds on April 19, 2012.[1] Petitioner challenges his conviction for capital murder entered against him by the Circuit Court for Houston County, Alabama. A jury convicted Petitioner of this crime on October 10, 2002, made a capital offense because it was committed during a robbery. The jury, by a vote of 10-2, recommended that Petitioner be sentenced to death. On November 12, 2002, the trial court imposed a death sentence on Petitioner.  Petitioner, by and through counsel, filed notice of appeal on November 26, 2002. During the pendency of the appeal, the Supreme Court decided *Roper v. Simmons*, 543 U.S.

---

[1] Although the present petition was stamped "filed" in this court on April 25, 2012, Petitioner signed the various motions submitted with his petition (dated August 12, 2011) on April 19, 2012.  Thus, it is clear that Petitioner had all these documents within his possession at such time and, therefore, could not have submitted them to prison officials for mailing prior to April 19, 2012.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing, the court considers April 19, 2012 as the date of filing.

551 (2005), which holds that under the Eighth and Fourteenth Amendment the death penalty may not be imposed on offenders under the age of 18 when they committed their crimes. Because of the *Roper* decision, the Alabama Court of Criminal Appeals remanded Petitioner's case to the trial court directing that court to vacate Petitioner's death sentence and resentence him to life imprisonment without the possibility of parole because he was sixteen years of age when he committed his offense and not eligible for the death penalty under *Roper*. *See Bonds v. State*, 937 So.2d 112 (Ala. Crim. App. 2005). The trial court subsequently sentenced Petitioner to life imprisonment without the possibility of parole. On June 17, 2005, on return to remand, the appeals court affirmed Petitioner's conviction and sentence. The Alabama Supreme Court denied Petitioner's request for certiorari review and entered a certificate of judgment on February 17, 2006. *Doc. No. 15, Exh. RX-2*.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Petitioner's conviction became final in 2006- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a state post-conviction petition on February 16, 2007, and a second post-conviction petition on August 26, 2011. They

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

2

maintain, however, that even allowing a tolling of the limitation period during the pendency of these Rule 32 petitions, the limitation period expired prior to Petitioner filing the present federal habeas petition. *Doc. No. 15* at 26-32; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001).

Based on Respondents' arguments, the court entered an order advising Petitioner he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Doc. No. 20*. The order gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner filed no response. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

*A. The Federal Period of Limitation*

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed under 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the

3

> conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). A state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari

4

expires. *Id.*

Petitioner was convicted of capital murder in the Circuit Court for Houston County, Alabama, on October 20, 2002. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on June 17, 2005. *Doc. No. 15, Exh. RX-1*. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari and issued a certificate of judgment on February 17, 2006. *Id., Exh. RX-2*. By operation of law, Petitioner's 2002 conviction became final on May 18, 2006 -- ninety days after the Supreme Court of Alabama Court entered its certificate of judgment -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, Petitioner's convictions became final on May 18, 2006, and the one-year limitation period in section 2244(d)(1)(A) began to run on this date.

*i. Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 274 days, or eight months and twenty-nine days, after Petitioner's conviction became final until Petitioner, with the assistance of counsel, filed a Rule 32 petition with the trial court on February 16, 2007. *Doc. No. 15, Exh. RX-3*. The trial court denied the petition on December 5, 2007, on the grounds that the petition failed to state a claim and was barred by the statute of limitations.[3] *Id*. Petitioner filed notice of appeal on December 12, 2007. *Id*. On August 29, 2008, the Alabama Court of Criminal Appeals reversed and remanded the trial court's decision. *Id. RX-6*. The appellate court disagreed with the trial court's conclusion that Petitioner's Rule 32 petition was time-barred. *Id*. It further found that a remand was necessary in order to give Petitioner an opportunity to obtain his appellate record so he could amend his post-conviction petition. *Id*. On remand, the trial court entered an order September 8, 2008, directing appellate counsel to mail Petitioner his trial transcript. *Id. RX-7, Part I* at 2. On September 28, 2008, one of Petitioner's trial attorneys sent him a copy of the trial transcript by

---

[3] Prior to ruling on Petitioner's Rule 32 petition, the trial court granted post-conviction counsel's March 5, 2007, motion to withdraw in which she cited irreparable conflicts regarding her representation of Petitioner. *See Doc. No. 15, Exh. RX-6*.

registered mail. *Id.* On September 29, 2008, Petitioner filed a motion to continue, a motion to extend the time to supplement his Rule 32 petition, and a motion to appointment counsel. *Id*. A docket entry made by the trial court on October 2, 2008, reflects "motions granted. *Id*. Petitioner filed a request for new counsel on October 22, 2008, which the trial court denied on October 27, 2008. *Id*. at 2. On November 25, 2008, the trial court granted Petitioner thirty days to file an amendment to his petition. *Id*. at 3. On January 5, 2009, Petitioner filed his amendment.[4] *Id*. The trial court denied the petition on July 8, 2010, for the reasons articulated in the State's response to Petitioner's petition. *Id*. at 38. Petitioner filed a motion to alter or amend judgment on August 13, 2010, which the trial court denied on August 20, 2010. *Id.* at 39-41, 44.

On October 26, 2010, Petitioner filed a brief on appeal from the denial of his Rule 32 petition.[5] *Doc. No. 15, Exh. RX-8*. The Alabama Court of Criminal appeals affirmed the lower court's decision on January 28, 2011. *Id., Exh. RX-9*. Following the appellate court's denial of Petitioner's request for a rehearing, Petitioner, by and through his attorney, filed a petition for writ of certiorari on March 4, 2011, with the Alabama Supreme Court. *Id., Exh. RX-10*. Petitioner filed a *pro se* motion to amend the certiorari petition on March 14, 2011.

---

[4]The certificate of service attached to Petitioner's amendment was dated December 22, 2008. *Doc. No. 15, Exh. RX-7, Part II* at 72.

[5]On September 17, 2010, the trial court appointed counsel to represent Petitioner on appeal. *See Doc. No. 15, Exh. RX-7, Part I* at 5, *RX-8*.

*Id., Exh. RX-11*. The Alabama Supreme Court denied the petition for writ of certiorari on August 5, 2011, and issued a certificate of judgment the same day. *Id., Exh. RX-12*.

Petitioner filed a second Rule 32 petition on August 26, 2011. *Doc. No. 15, Exh. RX-13*. The trial court granted Petitioner's request to appointment counsel on September 21, 2011. *Id., Exh. RX-14* at 1. On September 28, 2011, the trial court granted the State's request for summary disposition. *Id.* at 2. On November 28, 2011, Petitioner filed a motion in the trial court requesting that post-conviction counsel be directed to forward to Petitioner his entire case file and legal documents. *Id*. at 2. A docket entry made December 9, 2011, reflects "file returned with no action taken." *Id*. Petitioner subsequently moved to alter or amend judgment and a notice of appeal on January 4, 2012. *Id*. at 2. On February 17, 2012, the Alabama Court of Criminal Appeals granted Petitioner fourteen days to show cause why his appeal should not be dismissed as untimely.[6] *Id., Exh. RX-16*. On February 29, 2012, the appellate court dismissed Petitioner's appeal as untimely filed, and issued a certificate of judgment the same day. *Id., Exhs. RX-17, RX-18*. On March 7, 2012, Petitioner filed an application for rehearing with the Alabama Court of Criminal Appeals. *Id., RX-20*. On March 12, 2012, the appellate court recalled its February 29, 2012, certificate of judgment.

---

[6] The record reflects that on February 23, 2012, Petitioner filed a motion to withdraw his Rule 32 petition, a motion to hold in abeyance and reinstate indigent status. *Doc. No. 15, Exh. RX-14* at 3. Although the trial court entered an order on March 12, 2012, granting the motion to withdraw the Rule 32 petition and granting Petitioner's request for indigency status, *see Id., Exh. RX-19*, as noted, the trial court had already denied the Rule 32 petition on September 28, 2011, from which Petitioner had filed an appeal.

*Id., Exh. RX-21*. On May 2, 2012, the Court of Criminal Appeals entered an order overruling Petitioner's application for rehearing and advising that it had dismissed his notice of appeal because it had not been timely filed and further noting that it had no authority to grant Petitioner's request for an out-of-time appeal, a request which must be made in a Rule 32 petition. *Id., Exh. RX-22*. The appellate court dismissed the appeal and issued a certificate of judgment on May 23, 2012. *Id., Exh. RX-23*.

Petitioner filed a third Rule 32 petition on May 23, 2012. *Doc. No. 19, Exh. RX-26*. The State filed a motion for summary disposition on June 15, 2012, which the trial court granted on June 19, 2012. *Id*. at 29. On June 28, 2012, the trial court denied Petitioner's June 22, 2012, motion to amend his Rule 32 petition and dismissed the State's motion for summary disposition. *Id*. Petitioner filed a motion to alter or amend judgment on July 5, 2012, which the trial court denied on July 9, 2012. *Id*. at 39. Petitioner filed notice of appeal on July 23, 2012. *Id*. at 40. On September 17, 2012, Petitioner filed a "Petition for Mandamus Brief of the Appellant" which the Alabama Court of Criminal Appeals considered as Petitioner's brief on appeal from the denial of the Rule 32 petition. *Doc. No. 19, Exh. RX-27*. It affirmed the lower court's decision on December 7, 2012, finding that Petitioner's claim he was entitled to an out-of-time appeal on a previous Rule 32 petition was properly dismissed because he failed to meet his burden to plead the full factual basis for the claim. *Id., Exh. RX-28*. The appellate court further determined that claims Petitioner had not raised

9

on appeal that were raised in his Rule 32 petition were abandoned and that claims he raised for the first time on appeal were not properly before the court. *Id*. Petitioner filed an application for rehearing on January 10, 2013, which the Court of Criminal Appeals denied on February 1, 2013. *Id., Exh. RX-29* at 2. On March 15, 2013, the Alabama Supreme Court denied Petitioner's petition for writ of certiorari and issued a certificate of judgment. *Id., Exh. RX-30*.

As explained, Petitioner's 2002 conviction became final on May 18, 2006. He filed his first Rule 32 petition on February 17, 2007. Filing that petition temporarily tolled the AEDPA one-year clock after 274 days leaving ninety-one days of the federal limitation remaining. On August 5, 2011, the Alabama Supreme Court issued a certificate of judgment on Petitioner's first Rule 32 petition. The federal limitation period began running again on August 6, 2011. Although Petitioner filed a second Rule 32 petition on August 26, 2011, Respondents argue it was untimely filed under state law and therefore not "properly filed" for purposes of tolling the federal limitation period. *Doc. No. 15* at 29. The State argued in their response to Petitioner's August 26, 2011, post-conviction petition, among other grounds for summary disposition, that the petition was successive and barred by the limitation period in Rule 32.2(c), Ala.R.Crim.P.[7] *Doc. No. 15, RX-15*. Even though the trial court, in its

---

[7]Rule 32.2(c), Ala.R.Crim.P., provides "the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P."

September 28, 2011, order granting the State's motion for summary disposition, did not specifically address the arguments presented by the State, Respondents maintain the state court's ruling ordering summary dismissal of the Rule 32 petition was an acceptance of their contention it was untimely filed. *See e.g.,Walton v. Secretary, Florida Dept. of Corrections*, 661 F.3d 1308, 1312 (11th Cir. 2011) ("We cannot, for example, 'reject [a state's] time bar simply because a court may opt to bypass the [timeliness] assessment and summarily dismiss a petition on the merits." *Walker v. Martin*, 562 U.S. ___, 131 S.Ct. 1120, 1129, 179 L.Ed.2d 62 (2011). . . . When a state court has not addressed the timeliness of an application for collateral relief, the federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.' *Evans v. Chavis*, 546 [U.S. 189] [,] 198, 126 S.Ct. at 852 [(2006)]."); *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) ("Even if we were to accept that the [State] Court reached the "merits," consideration of the merits cannot alone convert a motion for post-conviction relief that no one disputes is time-barred under state law into a properly filed motion for tolling purposes under AEDPA."). Since Petitioner's second Rule 32 petition was untimely filed under State law, it did not toll the federal limitation period and the one year period of limitations started running again on August 6, 2011. As explained, at that time Petitioner had 91 days within which to file a timely federal habeas application or until November 5, 2011. The limitation period, however, ran for another 166 days, or five months and

fourteen days, until Petitioner filed his federal habeas petition on April 19, 2012.

Even if Petitioner's August 26, 2011, petition is considered timely filed under state law, the instant habeas application is still untimely. Following the conclusion of Petitioner's initial post-conviction proceedings, the federal limitation period ran for another twenty days until Petitioner filed his second Rule 32 petition on August 26, 2011. As explained, the trial court granted the State's motion for summary disposition on September 28, 2011. Under Rule 4(b) of the Alabama Rules of Appellate Procedure, Petitioner then had 42 days, or until November 9, 2011, to file timely notice of appeal. He did not file a notice of appeal until January 4, 2012. The end of the 42–day time limit within which to appeal ended the tolling period and started the AEDPA clock running again on November 10, 2011. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (an "application is pending as long as the ordinary state collateral review process is 'in continuance'-*i.e.* 'until the completion of' that process."); *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) (a state post-conviction application is "pending" under § 2244(d)(2) "both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's timely filing of a petition for review at the next level."). At that time, the federal limitation period had already run for 294 days. Petitioner had 71 days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that, even if Petitioner's second Rule

32 petition may be considered properly filed, the time allowed Petitioner for the filing of a federal habeas petition expired on January 20, 2012, prior to Petitioner's filing of the instant § 2254 petition on April 19, 2012.[8]

### ii. Equitable Tolling of the Limitation Period

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).

---

[8] As mentioned, Petitioner filed a third Rule 32 petition on May 22, 2012. That petition, however, was filed after the federal limitation period had already expired. The law directs that "even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *Moore v. Crosby,* 321 F.3d 1377, 1381 (11th Cir.2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker,* 255 F.3d at 1335 n. 4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

The diligence required is reasonable diligence, not "maximum feasible diligence", *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

      Here, there is no evidence tending to show that Petitioner's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were both beyond his

control and unavoidable with the exercise of diligence. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, the court finds that Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to equitably toll the statute.

Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner's filing of this federal habeas application and he has not otherwise demonstrated that his application for habeas relief should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas relief filed by James Willis Bonds be DENIED as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1); and

2. This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before May 30, 2014**, the parties may file an objection to the

Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of May, 2014.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE